STATE of Iowa, Appellee,

v.

Charles R. WILLIAMS, a/k/a Mark Williams, Appellant.

No. 67155.

Supreme Court of Iowa.

Jan. 19, 1983.

M. Leanne Tyler, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and James L. Ottesen, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

McGIVERIN, Justice.

The dispositive question in this appeal concerns the correctness of trial court's ruling under Iowa R.Crim.P. 4(8), allowing the State to make a substantive amendment to the trial information after both sides had rested and after defendant's motion for a judgment of acquittal had been denied. Defendant Charles R. Williams, who was found guilty by a jury of the crime of first-degree theft by exercising control over stolen property, Iowa Code §§ 714.1(4), .2(1) (1981), contends that the court erred in permitting the State to amend the trial information. We agree; Williams' conviction is, therefore, reversed.

On February 27, 1981, two rural Le Claire homes in Scott County, Iowa, were broken into and among the items stolen were several pieces of sterling silver. On February 28 defendant sold a set of sterling silverware, for its smelter value, to a coin shop in Moline, Illinois. Subsequently, the coin shop operator received a "hot sheet" from Scott County listing the silverware, which had been purchased, as stolen. The operator notified the authorities that the man who had sold the stolen silverware had indicated that he would like to make another sale. On March 4, defendant was arrested while negotiating the sale of sterling silverware, which was later identified as having been stolen on the night of February 27 from one of the two Le Claire homes.

Prior to trial defendant was charged by a trial information with first-degree theft, Iowa Code § 714.2(1), and two counts of second-degree burglary, Iowa Code § 713.3.

Defendant, therefore, went to trial on a trial information which charged him with theft (as defined by section 714.1(1)) in the

first degree by "[taking] possession or control of property of another, with the intent to deprive the other thereof, said property being of a value in excess of $5000 in violation of Section 714.2(1) . . . ." At trial defendant relied on an alibi defense which placed him at a Rock Island, Illinois, bar at the time the burglaries were alleged to have occurred. This defense also tended to negate his involvement in theft by taking of the silverware. Defense witnesses and defendant testified that defendant obtained the stolen silver by purchasing it from an unidentified black male on the morning of February 28.

After the defense rested, and defendant's motion for judgment of acquittal as to the theft-by-taking charge was overruled, the State moved to amend the theft count of the trial information by adding language based on theft as defined by section 714.-1(4). The following was added: "or did exercise control over stolen property knowing such property to have been stolen or having reasonable cause to believe such property has been stolen without a purpose to promptly restore it to the owner or deliver it to an appropriate public officer." The motion was sustained and the jury was instructed on the amended information. The jury found the defendant guilty of first-degree theft by exercising control over stolen property, Iowa Code §§ 714.1(4), .2(1), and not guilty of first-degree theft by taking, Iowa Code § 714.1(1), and burglary in the second degree.

I. The bottom line contention of defendant on appeal from his conviction of first-degree theft by exercising control over stolen property is that he went to trial charged with and defending against theft by taking, but due to the amendment at the close of evidence he was convicted of theft by exercising control over stolen property—a charge against which he did not defend. We conclude that the amendment to the trial information resulted in prejudice to substantial rights of the defendant.

1. Rule 4(8)(a) pertains to indictments but is made applicable to county attorneys' trial informations by Iowa R.Crim.P. 5(5).

Section 714.1 defines seven ways in which theft may be committed. Theft by taking, as originally alleged by the State, is defined in section 714.1(1) as follows: "[Taking] possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." This was the manner of theft specified in the trial information upon which defendant went to trial. The State's amendment at the close of evidence added to the trial information a second way in which the State charged that theft had been committed by defendant. The language added was from section 714.1(4)— theft by exercising control over stolen property: "[Exercising] control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer. . . ." This second way of committing theft was the manner in which the jury found defendant had committed theft.

■ Iowa R.Crim.P. 4(8)(a) allows a trial information to be amended[1] only if (1) substantial rights of the defendant are not prejudiced thereby, and (2) a wholly new or different offense is not charged. Both prongs of the rule 4(8)(a) test must be satisfied before amendment to a trial information may be allowed. *See State v. Williams,* 305 N.W.2d 428, 430–32 (Iowa 1981); *State v. Sharpe,* 304 N.W.2d 220, 223 (Iowa 1981).

■ The first prong, no prejudice to substantial rights of defendant, is not satisfied in the present case. The procedural facts of this case are strikingly similar to those of *State v. Cooper,* 223 N.W.2d 177 (Iowa 1974), a prosecution for receiving stolen goods.[2] In *Cooper* we found reversible er-

2. The validity of the amendment to the information in *Cooper* was determined under Iowa Code section 773.46 (1973), the predecessor to

ror in allowing the State to amend the trial information at the close of the evidence and after defendant had moved for a directed verdict. The amendment consisted of striking the words "receive and possess stolen property" and adding the words "receive or aid in concealing stolen goods or property." *Iowa Code* § 712.1 (1973) (receiving and possessing stolen property). Although that amendment did not change the offense charged, we held that the State prejudiced defendant's right to rest his defense on the crime as originally specified and also failed to give defendant an opportunity to make a defense to the additional methods relied on by the State to prove guilt of the crime charged. *Cooper,* 223 N.W.2d at 180.

In the present case, allowance of the amendment was an equally prejudicial error. The State was served with timely notice that defendant intended to use an alibi defense as to the theft by taking and burglary charges. Furthermore, the State's minutes of testimony indicated that Sgt. Roberta Potter of the Scott County Sheriff's Department would testify that during interrogation defendant "stated that he had bought a set of [silver] items in Davenport from a black subject, name unknown . . . ." She also so testified during the State's case in chief. Thus prior to trial, the State was aware that it could face difficulties in proving defendant guilty of theft by taking. The State also had evidence of theft by exercising control over stolen property. An amendment without prejudice to defendant's rights might have been made prior to trial, or before defendant presented evidence, alleging the alternate theory of theft by exercising control over stolen property.[3] *Id.; State v. Willet,* 305 N.W.2d 454, 457 (Iowa 1981) (State may proceed on alternate theories of commission of crime charged). But the amendment was not made, and defendant took the stand and

testified that he had purchased the stolen silver the day after the robbery. Clearly, defendant did not have to testify and probably would not have testified if he had gone to trial knowing that he also would be charged with committing theft by exercising control over stolen property.

In our view, the amendment came too late. The very purpose of a trial information—sufficiently apprising defendant of what he must be prepared to meet—was vitiated. *See Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1074, 8 L.Ed.2d 240, 250–51 (1961). The resulting prejudice to defendant's defense in this case requires reversal. *Cf. Sharpe,* 304 N.W.2d at 223–25 (improper amendment under rule 4(8)(a) harmless error because defendant found not guilty of the new offense in the amended information).

II. In view of our determination that the amendment to the trial information at the close of the evidence resulted in reversible error, other contentions urged by defendant need not be reached.

For the reasons stated above the court erred in allowing the State's amendment to the trial information. Defendant's conviction is reversed.

REVERSED.

---

rule 4(8)(a). The new rule, however, was merely an adoption of the prior law. *Sharpe,* 304 N.W.2d at 223.

**3.** Under the revised criminal code the many separate theft offenses of the prerevised criminal code were consolidated into a single offense, theft, under section 714.1. 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* §§ 311–12 (1979). The State, therefore, would not have been alleging a "wholly new and different offense" but merely an alternative means of committing the same offense.