STATE of Iowa, Plaintiff–Appellant,

v.

Victor Wendell GRAY,
Defendant–Appellee.

No. 87–869.

Court of Appeals of Iowa.

July 27, 1988.

---

Thomas J. Miller, Atty. Gen., and Mark Zbieroski, Asst. Atty. Gen., for plaintiff-appellant.

Michael J. Laughlin, Asst. Appellate Defender, for defendant-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Justice.

The State appeals the district court order dismissing the charge of theft against defendant, Victor Wendell Gray. This order was predicated on the district court's rejection of the State's request to amend the charge from theft to burglary. The State contends this rejection was erroneous. We affirm.

In 1983 Gray was charged with theft in the second degree. He was accused of unlawfully exercising control over property stolen from the home of Gilbert and Betty Kueneman. Gray pleaded guilty to this charge and was given a suspended sentence. In 1986 the State filed another information against Gray based on the 1983 Kueneman crime. This charge was also captioned theft in the second degree. However, this information accused Gray of violating Iowa Code sections 713.1 and 713.4, which, respectively, define burglary and attempted burglary in the first degree. The information accused Gray of unlawfully entering the Kueneman house or aiding and abetting another person in the breaking and entering of the Kueneman house, with the intent to commit a theft therein. This suggests a charge of burglary in the second degree.

The State later moved to amend this information to strike the word "theft" from the caption and substitute in lieu thereof the word "burglary." The State alleged that a burglary charge was intended all along and that the word "theft" appeared in the caption of the information only because of a scrivener's error. The State has not sought to change the citation of the statute it alleges Gray violated. The district court denied the State's motion to amend. The district court then dismissed the charge on the ground it subjected Gray to double jeopardy.

The State filed an application for discretionary review to challenge the dismissal of the charge against Gray. The supreme court granted the State's application and provided by order that the case would be treated as a regular appeal.

A trial information may be amended to correct errors or omissions of form or substance as long as (1) substantial rights of the defendant are not thereby prejudiced, and (2) a wholly new or different offense is not charged. *See, e.g., State v. Berney,* 378 N.W.2d 915, 919 (Iowa 1985); *State v. Williams,* 328 N.W.2d 504, 505 (Iowa 1983). Substantial rights of the defendant are prejudiced if the amendment creates such surprise that the defendant would have to change his trial strategy to meet the charge in the amended information. *State v. Fuhrmann,* 257 N.W.2d 619, 624 (Iowa 1977).

We are presented with a somewhat unique problem in this case in determining whether the State's proposed amendment would have charged a wholly new or different offense. It is not clear exactly what charge the original information brought. It was captioned as a theft charge, cited a violation of the attempted burglary in the first degree statute, and alleged facts suggesting a charge of burglary in the second degree. Under these circumstances, it is not obvious to us the State's attempt here to change the word "theft" in the caption to "burglary" would resolve all of the infirmities in the information. In any event, we are persuaded the district court correctly decided to deny the State's amendment. Dismissal of the theft charge was appropriate as Gray had already been convicted of theft based upon the 1983 crime.

AFFIRMED.