STATE of Iowa, Appellee,

v.

**Kenneth Wayne WATERS, Appellant.**

No. 92–1699.

Court of Appeals of Iowa.

Feb. 25, 1994.

I. John Rossi, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., William H. Appel, County Atty., and Laura Roan, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

Defendant Kenneth W. Waters was charged with domestic abuse assault, in violation of Iowa Code sections 236.2 and 708.2(3) (1991).

The charge arose from an incident on October 17, 1991. Defendant and his girlfriend, Pamela Sue Lenger, had been staying for a few days in a trailer which was parked near the home of defendant's father in Eddyville, Iowa. Defendant and Pamela got into an argument about money. Defendant pulled out a portion of Pamela's hair. He then began to beat her. When she ran outside, he followed and forced her into a car. As they drove through Eddyville, Defendant struck Pamela with enough force to split her lip and give her a bloody nose.

Defendant drove Pamela to a farmhouse near Oskaloosa where they had lived together. Pamela changed clothes and cleaned up. Defendant then drove her into Oskaloosa. While there Pamela ran to a friend's house. Later on the evening of October 17, a Mahaska County deputy sheriff took Pamela to the hospital for treatment.

On October 18, 1991, Pamela gave a statement to the Mahaska County sheriff's department. Oskaloosa is in Mahaska County. However, the assault in Eddyville took place in Wapello County, and the present case involves charges against defendant in Wapello County.

The Wapello County magistrate issued an arrest warrant for defendant on October 18, 1991. At that time defendant was in jail in Mahaska County due to a separate incident in that county. The Wapello County warrant was served on defendant on October 25, 1991. However, he remained in the custody of Mahaska County officials until November 9, 1991, when he was submitted to Wapello County officials. The trial information was filed on December 19, 1991.

Defendant filed a motion to dismiss, alleging the State failed to file a speedy indictment, in violation of Iowa Rule of Criminal Procedure 27(2)(a). The district court denied the motion. The court found defendant was not "arrested" within the meaning of rule 27(2)(a) until he was released from the Mahaska County jail to appear in Wapello County on November 9, 1991.

The case proceeded to a trial before a jury. During the trial, Pamela testified she was not living with defendant at the time of the assault. The district court allowed the State to strike the domestic abuse section of the trial information. When defendant took the stand, he testified he was living with Pamela at the time of the incident. The court then permitted the State to amend the trial information to the original charge of domestic abuse assault. The court determined that the question of whether defendant and Pamela were living together at the time of the assault should be submitted to the jury.

During cross-examination of Pamela by defense counsel, she stated defendant had abused her children. Defense counsel did not object to the answer as nonresponsive or seek a mistrial at that time. Only after the trial was completed did defendant make a motion for a mistrial based on Pamela's statement. The district court overruled the motion for mistrial.

The jury found defendant guilty of serious assault, in violation of section 708.2(2). The jury answered a special verdict form and found defendant and Pamela cohabited or resided together at the time of the assault. The court entered judgment convicting defendant of domestic abuse assault. He was sentenced to a term of imprisonment and, pursuant to section 708.2A(6), required to participate in a batterers' treatment program. Defendant now appeals his conviction and sentence.

## I. SPEEDY INDICTMENT

■ Defendant first contends the action against him should have been dismissed because the information was not filed within forty-five days of his arrest, as required by rule 27(2)(a). He claims he was arrested on

October 25, 1991, the date he was served with the arrest warrant. The trial information was filed fifty-five days later, on December 19, 1991.

■ Our scope of review on this issue is at law; we are bound by findings of fact supported by sufficient evidence. *State v. Beeks*, 428 N.W.2d 307, 308 (Iowa App.1988).

■ Under rule 27(2)(a), the forty-five day time period for indictment commences upon the arrest for the offense charged in the existent proceedings. *Id.* at 309. A person is arrested for purposes of rule 27(2)(a) when he or she is taken into police custody. *State v. Van Beek*, 443 N.W.2d 704, 706 (Iowa 1989). "Arrest" is defined in section 804.5 as the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody. *See State v. Johnson–Hugi*, 484 N.W.2d 599, 600 (Iowa 1992).

■ A person not in the custody of county authorities is not arrested by the mere bringing of a charge in that county. *Beeks*, 428 N.W.2d at 309. A person must be in the custody of county authorities of the county issuing the arrest warrant for a person to be under "arrest" in that county. *Id.*

Thus, defendant was not under arrest in Wapello County until he was in the custody of Wapello County officials, which was on November 9, 1991. This was forty days before the trial information was filed. We affirm the district court's conclusion that the State did not violate the speedy indictment requirements of rule 27(2)(a).

## II. ADMISSION OF EVIDENCE

■ **A.** Defendant contends the district court improperly limited his ability to impeach Pamela's credibility. Defendant claims he should have been allowed to introduce evidence of Pamela's alleged abuse of her children and evidence of an alleged assault in Mahaska County.

■ Iowa Rule of Evidence 401 provides that relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the deter-mination of the action more probable or less probable than it would be without the evidence. *State v. Tracy*, 482 N.W.2d 675, 680 (Iowa 1992). Whether the necessary minimum level of logical connection between the offered evidence and the fact to be proven exists is a legal question lying within the broad discretion of the trial court. *Id.* at 680–681.

■ Under rule 403, evidence which is relevant may nevertheless be excluded if its probative value is outweighed by its potential prejudice. *State v. Wade*, 467 N.W.2d 283, 284 (Iowa 1991). The question involves a balancing process and the exercise of discretion on the part of the trial court. *Id.*

We determine the district court did not abuse its discretion in finding this evidence was not relevant. Furthermore, we note defendant did not seek to present any evidence about the Mahaska County incident and in fact requested a mistrial after a witness briefly mentioned the alleged assault in Mahaska County.

■ **B.** Defendant also claims the district court should have submitted certain exhibits to the jury. The exhibits were letters of a romantic nature which Pamela had written to defendant. Defendant was allowed to use the letters in an effort to impeach Pamela on cross-examination. However, the court decided the letters should not go to the jury room.

■ The question of whether a particular exhibit may be taken by the jury is subject to discretionary control by the trial judge. *State v. Blyth*, 226 N.W.2d 250, 272 (Iowa 1975). The letters were used only for impeachment purposes, and not for their content. Thus, we find no abuse of discretion by the district court in refusing to allow them to be taken to the jury room.

## III. AMENDMENT OF CHARGES

■ **A.** Defendant claims the district court should not have allowed the State to reinstate the charge of domestic abuse assault after the domestic abuse section had been previously stricken from the trial information on the State's motion. He states that

his effort to impeach Pamela by showing she was not credible on the question of whether they were cohabiting should not be used to establish the State's case.

■ A trial information may be amended to correct errors or omissions of form or substance as long as (1) substantial rights of the defendant are not thereby prejudiced, and (2) a wholly new or different offense is not charged. *State v. Berney*, 378 N.W.2d 915, 919 (Iowa 1985). Substantial rights of the defendant are prejudiced if the amendment creates such surprise that the defendant would have to change his trial strategy to meet the charge in the amended information. *State v. Gray*, 429 N.W.2d 571, 572 (Iowa App.1988).

In the present case, defendant could not be surprised by the amendment of the trial information, since it merely reinstated the original charge of domestic abuse assault. Also, the amendment was based on defendant's own testimony that he and Pamela were cohabiting at the time of the assault. His argument on appeal that he gave this testimony only to impeach Pamela is not persuasive.

■ B. Defendant claims he was prejudiced by the fact that he was sentenced pursuant to section 708.2A, when he was not charged under that section.

Defendant was charged with domestic abuse assault, in violation of sections 236.2 and 708.2. Section 708.2A pertains only to sentencing. Under section 708.2A, a person convicted of domestic abuse assault must receive a minimum two-day sentence and participate in batterers' treatment. We find defendant was properly sentenced pursuant to section 708.2A.

## IV. MISTRIAL

■ Defendant contends he should have been granted a mistrial due to a statement by Pamela that he had abused her children. As previously noted, defense counsel did not object to the answer as nonresponsive and, in fact, pursued the subject. He asked, "And now you mentioned something in there about your children. Do you remember appearing——" At that point the State objected to the relevancy of the question. The district court sustained the objection. Only at the end of the trial did defendant make a motion for a mistrial based on the statement.

■ A trial court has broad discretion in ruling on a motion for mistrial. *State v. Wade*, 467 N.W.2d 283, 284 (Iowa 1991). Ordinarily, abuse of discretion is found upon the denial of a mistrial only where there is no support in the record for the trial court's determination. *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa App.1992). Additionally, a mistrial motion must be made when the grounds therefor first become apparent. *Id.*

We first note defendant did not make a motion for a mistrial when the grounds first arose. However, even if we found error was preserved on this issue, we find no abuse of discretion in the trial court's decision to deny the motion. The trial court was in a better position to gauge the effect of the matter on the jury.

## V. EXCULPATORY EVIDENCE

■ A. Defendant contends the case against him should have been dismissed because the State did not reveal exculpatory evidence to him. During the trial a deputy sheriff testified that he had questioned defendant's father, but the father stated he had not seen anything. Pamela testified that the father had seen defendant hit her, but he had shut the door to his house so he would not see or hear anything else. Defendant claims the State should have revealed this evidence to him.

■ Our scope of review on this constitutional issue is de novo. *Cornell v. State*, 430 N.W.2d 384, 385 (Iowa 1988). The three requirements under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to show a due process violation resulting from State suppression of evidence are: (1) a proper defense request for the evidence; (2) a showing the evidence would be favorable to the defendant; and (3) a showing the evidence was material. *State v. Dulaney*, 493 N.W.2d 787, 790 (Iowa 1992).

■ Exculpatory evidence is not "suppressed" if the defendant either knew or

should have known of the essential facts permitting him to take advantage of the evidence. *Cornell,* 430 N.W.2d at 385. Here, defendant knew the alleged assault took place in the yard of his father's house and either knew or should have known whether his father was home at the time of the assault. Therefore, there was no "suppression" of evidence.

**B.** Defendant also contends the State improperly suppressed a videotape that was made of Pamela's interview with police officers on October 18, 1991. The tape was inadvertently erased before it was made available to defendant.

Where a defendant only claims evidence might have been exculpatory, unless the defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *Dulaney,* 493 N.W.2d at 791 (*citing Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281, 289 (1988)).

The evidence in the videotape was lost, and defendant can only claim it was potentially exculpatory. Defendant has presented no evidence to show bad faith on the part of the police officers here. He admits the erasure of the videotape was inadvertent. Thus, he has not shown a due process violation.

## VI. SUMMARY

After considering all arguments raised by defendant on appeal, we affirm his conviction and sentence for the crime of domestic abuse assault.

**AFFIRMED.**