# IN THE COURT OF APPEALS OF IOWA

No. 15-1004
Filed April 27, 2016

**WAYNE M. POWELL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Wayne M. Powell appeals the district court's denial of his request for postconviction relief following his 2013 conviction for theft in the second degree.
**AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In September 2012, Wayne Powell was found not guilty of second-degree burglary and guilty of second-degree theft following a jury trial. Powell appealed his conviction, challenging the sufficiency of the evidence and alleging ineffective assistance of trial counsel. This court affirmed his conviction finding substantial evidence supported the jury's finding of guilt on the theft charge and preserved Powell's ineffective-assistance claim. *See State v. Powell*, No. 12-1918, 2013 WL 5486662, at *1-2 (Iowa Ct. App. Oct. 2, 2013).[1] Powell filed an application for postconviction relief (PCR), which the PCR court denied in June 2015. In his appeal of the PCR court's ruling, Powell contends his trial counsel was ineffective for failing to object to the alternative theory of theft the State included in its jury instruction but had not included in the trial information.[2]

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

---

[1] The facts underlying the charges brought against Powell are set forth in this court's prior opinion and are thus not restated herein. *See Powell*, 2013 WL 5486662, at *1.
[2] Before the PCR court, Powell also argued his trial counsel was ineffective for failing to preserve error by inadequately addressing the essential elements of theft in a motion for judgment of acquittal and by failing to argue lack of jurisdiction based on the State's failure to present sufficient evidence that Powell ever had possession of the property while in Iowa. While reference is made to these alternative claims, Powell does not argue them in his briefing, and thus, we do not consider them. *See* Iowa R. App. P. 6.903(2)(g).

In the trial information, Powell was charged with theft by, in relevant part, "tak[ing] possession and control of the property of another."[3] At trial, the State offered—and the court adopted—a jury instruction providing a second theory of theft, that Powell "exercised control over the [property of another] knowing or having reason to know it was stolen."[4] Powell's trial counsel did not object to the State's inclusion of this alternative theory, which Powell contends constitutes ineffective assistance of counsel.

When denying Powell's application, the PCR court reasoned,

> [t]he fact is if an objection were to have been made by trial counsel, the State could have easily made a motion to amend the Trial Information to provide [the alternative theory], which would not have been prejudicial to the Applicant. The charge would have remained the same, it would have just been an alternative theory which could have been argued and presented through evidence at trial.

Under the Iowa Rules of Criminal Procedure, the State may request and the court may "either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged." Iowa R. Crim. P. 2.4(8)(a). The term indictment includes the trial information. Iowa R. Crim. P. 2.5(5).

"[T]he phrase 'during the trial' means the period of time in which the trier of fact hears evidence and makes a decision based on that evidence." *State v.*

---

[3] Powell was charged with violating Iowa Code section 714.1(1) (2011), which provides a person has committed theft where that individual "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof."

[4] Iowa Code section 714.1(4) provides a person has committed theft where that individual "[e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen."

*Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (quoting *State v. Bruce*, 795 N.W.2d 1, 5 (Iowa 2011)). Powell does not dispute this element. Here, if an objection had been raised and the State sought to amend, the amendment would have occurred "before or during trial." *Id.* at 193 (finding "amendment *after* the close of evidence but *before* the case went to the jury in the main case" fell within the "before or during trial" parameters).

Likewise, the amendment would not have presented a "wholly new and different offense" but simply "an alternative means of committing the same offense," which courts have repeatedly found permissible. *See, e.g., State v. Schertz*, 330 N.W.2d 1, 2 (Iowa 1983) ("Here, the amendment to allege first-degree kidnapping by means of torture did not charge a new offense; first-degree kidnapping had already been charged on the basis the defendants had intended to inflict serious injury."); *State v. Williams*, 328 N.W.2d 504, 506 n.3 (Iowa 1983) (noting the alternative theory of theft by exercising control was not a wholly new and different offense to the charge of theft by taking); *State v. Williams*, 305 N.W.2d 428, 431 (Iowa 1981); *State v. Sharpe*, 304 N.W.2d 220, 223 (Iowa 1981).

Finally, amendment is only allowed where it will not prejudice the "substantial rights of the defendant." Iowa R. Crim. P. 2.4(8)(a); *see also Brothern*, 832 N.W.2d at 193. Powell contends such an amendment would have prejudiced his substantial rights—and the jury instruction did result in prejudice—because the inclusion of the exercising-control alternative "was a sure way to lose half of the case" and constituted "an invitation to convict."

The Iowa Supreme Court has held "[a]n amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *State v. Maghee*, 573 N.W.2d 1, 6 (Iowa 1997). Here, Powell does not argue the amendment would have constituted surprise, impacted the strategy of his defense, or affected his decision whether or not to accept a plea. *See Brothern*, 832 N.W.2d at 193-94; *see also Stephen v. State*, No. 07-0126, 2008 WL 2038421, at *3 (Iowa Ct. App. May 14, 2008) ("[The defendant] has failed to show how he was prejudiced by his counsel's failure to object to the amendment on the grounds urged. He makes no claim of surprise nor does he argue he was required to change his theory of defense.").

To the contrary, at the PCR hearing, trial counsel indicated she strategically did not object to the inclusion of the alternative basis, explaining she believed Powell's best defense was to challenge the burglary charge, even if it meant conceding the theft charge.[5] *See Moyer v. State*, No. 06-1454, 2007 WL 2963982, at *3 (Iowa Ct. App. Oct. 12, 2007) (noting no prejudice resulted from the amendment where the defendant's "trial attorney testified that the [added]

---

[5] As such, this case is distinguishable from the supreme court's holding in *Williams*, 328 N.W.2d 504. In *Williams*, the district court allowed the State to amend its trial information to include the theory of theft by exercising control when only theft by taking had been contained in the trial information. *Id.* at 504-05. Prior to the amendment, the defendant had presented an alibi defense that accounted for his whereabouts at the time of the alleged burglary, which also served to negate his involvement in the theft. *Id.* at 505. The defendant, along with certain defense witnesses, also testified to the alternative way the defendant had obtained the stolen property. *Id.* On appeal, the court concluded allowing the amendment prejudiced the substantial rights of the defendant, noting "[c]learly, defendant did not have to testify and probably would not have testified if he had gone to trial knowing that he also would be charged with committing theft by exercising control over stolen property." *Id.* at 506. While the defendant's defense was clearly prejudiced in *Williams*, Powell has made no such showing here.

charge was not a significant change in the State's theory, given the information in the original minutes of testimony"). We review "tactical or strategic decisions of counsel . . . in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (citation omitted). "'We begin with the presumption that the attorney performed competently' and 'avoid second-guessing and hindsight.'" *Id.* (citation omitted).

Trial counsel testified at the PCR trial, "I was hoping for a split verdict, because I knew the evidence of him having the stolen property was so strong, so it permitted the jury to choose B [the exercising control theory], and I didn't think that was an issue. I thought that was a way to win half of the case." Thus, trial counsel's strategy was to provide the jury an alternative theory of theft in an effort to avoid a burglary conviction. We cannot find the trial strategy employed by Powell's counsel constitutes ineffective assistance of counsel. *See id.* at 174 (noting "[m]iscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel" (citation omitted)).

Had Powell's trial counsel objected, the State would have moved for an amendment of the trial information, thereby presenting this alternative theory to the jury. Powell's trial counsel cannot be found incompetent for failing to pursue a meritless issue. *See Brothern*, 832 N.W.2d at 192. Moreover, trial counsel's failure to object was an intentional aspect of the trial strategy, to present to the jury an alternative charge thereby mitigating the chances of Powell's conviction for burglary. Further, as amendment was allowable, no prejudice resulted. *See Ambrose*, 861 N.W.2d at 557 ("To establish prejudice in the context of an

ineffective-assistance-of-counsel claim, a defendant must show a reasonable probability that the result of the trial would have been different.").  Accordingly, we affirm the district court.

**AFFIRMED.**