# IN THE COURT OF APPEALS OF IOWA

No. 16-0038
Filed November 9, 2016

**ROSS CASHEN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Delaware County, Monica L.

Ackley, Judge.


        Applicant appeals the district court decision denying his application for

postconviction relief. **AFFIRMED.**



        Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Ross Cashen appeals the district court ruling denying his application for postconviction relief. We find Cashen has not shown he received ineffective assistance due to defense counsel's failure to file a timely motion to dismiss for lack of a speedy indictment or failure to explain the sex offender registry requirements. We affirm the district court.

## I.      Background Facts & Proceedings

On April 25, 2007, a complaint was filed in Delaware County accusing Cashen of sexual abuse in the second degree. The complaint alleged Cashen had engaged in sex acts with his eleven-year-old step-sister. A warrant for Cashen's arrest was issued on the same day. Cashen was in jail in Marshall County, on unrelated charges, at the time.

The arrest warrant was executed and returned on April 14, 2008. Cashen posted bail on April 15, 2008. After agreeing to a delay, he made his initial appearance and filed a request for the appointment of an attorney on April 21, 2008. A trial information was filed on May 12, 2008, charging Cashen with second-degree sexual abuse, a class "B" felony.

On October 12, 2009, Cashen filed a motion to dismiss the trial information on the ground it had not been filed within forty-five days after he was arrested, in violation of Iowa Rule of Criminal Procedure 2.33(2)(a). The State resisted the motion, claiming Cashen had been arrested on April 11, 2008, and the trial information, filed on May 12, 2008, had been filed within forty-five days. The district court denied the motion to dismiss, finding it was not timely under rule 2.11(4).

Cashen entered into a plea agreement in which he agreed to plead guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(2) (2007), a class "D" felony. He was sentenced to a term of imprisonment not to exceed five years. Cashen's conviction was affirmed on appeal. *State v. Cashen*, No. 10-0490, 2011 WL 3689144, at *5 (Iowa Ct. App. Aug. 24, 2011).

Cashen filed an application for postconviction relief on September 27, 2012. He claimed he received ineffective assistance because defense counsel did not file a timely motion to dismiss based on rule 2.33(2)(a). After a postconviction hearing, the district court denied Cashen's request for postconviction relief, finding, "The trial information was filed 28 days after Cashen was first arrested." Cashen now appeals.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Ineffective Assistance

**A.** Cashen claims he received ineffective assistance because defense counsel did not file a timely motion to dismiss on speedy indictment grounds. Rule 2.33(2)(a) provides, "When an adult is arrested for a public offense . . . and an indictment is not found against the defendant within 45 days, the court must

order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the right thereto." "The indictment can be in the form of a trial information." *Ennenga*, 812 N.W.2d at 702; *see also* Iowa R. Crim. P. 2.5(5).

"[T]he speedy indictment rule serves to 'relieve an accused of the anxiety associated with' the suspension of a prosecution, provide for the 'reasonably prompt administration of justice,' prevent the loss of evidence, and maintain a fair process." *State v. Penn-Kennedy*, 862 N.W.2d 384, 387 (Iowa 2015) (citation omitted). The speedy indictment time period begins to run when a person is arrested. *State v. Wing*, 791 N.W.2d 243, 247 (Iowa 2010). An "arrest" occurs for purposes of rule 2.33(2)(a) when "a reasonable person in the defendant's position would have believed an arrest occurred, including whether the arresting officer manifested a purpose to arrest." *Id.* at 249. "A person must be in the custody of county authorities of the county issuing the arrest warrant for a person to be under 'arrest' in that county." *State v. Waters*, 515 N.W.2d 562, 566 (Iowa Ct. App. 1994). Whether a person has been "arrested" must be determined on a case-by-case basis. *Wing*, 791 N.W.2d at 248.

Cashen relies upon a Manchester Police Department arrest report dated April 24, 2007. At the postconviction hearing, Cashen stated while he was in the Marshall County jail, "I had the jailers come in, and hand me a piece of paper," which he believed was the Delaware County arrest warrant. Cashen stated he believed this was soon after he was brought back to jail on April 19, 2007.

Officer Rick Carnicle of the Manchester Police Department testified the arrest report was prepared on April 24, 2007, but Cashen was not arrested at

that time. Officer Carnicle testified it was a common practice of the department to prepare an arrest report at the same time as an arrest warrant, whether the person was actually arrested at the time or not. Mary Kleinschrodt, the police records administrator, testified an arrest report could be created for someone who was not actually arrested in order to get their information into the computer system. Looking at Cashen's arrest report, Kleinschrodt stated Cashen could not have been arrested on April 24, 2007, because the date was previous to the date on the warrant. The State also presented a print-out from Iowa Courts Online, which showed the criminal complaint and arrest warrant were filed on April 25, 2007, then no further activity occurred until the warrant was returned on April 14, 2008.

The district court considered this evidence and concluded Cashen's argument was "not supported by the docketing record or the filings." The court stated,

> The credible evidence is that [Cashen] was arrested and made his initial appearance in Delaware County on April 21, 2008. Therefore, if a motion to dismiss had been filed, it would have appropriately been denied as the Delaware County Attorney complied with his obligation to file the trial information timely.
> Cashen could not prove he was prejudiced as a result of his first attorney's failure to file the motion to dismiss.

We agree with the district court's conclusions. The evidence does not support Cashen's claim the prosecution should have been dismissed because more than forty-five days passed between the date he was arrested and the date the trial information was filed. Because a timely motion to dismiss pursuant to rule 2.33(2)(a) would have been denied, Cashen is unable to show he received ineffective assistance due to defense counsel's failure to file a timely motion.

*See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) ("Counsel does not fail to perform an essential duty by failing to raise a meritless objection.").

**B.** On appeal, Cashen claims he received ineffective assistance because defense counsel did not explain to him that he would be required to register as a sex offender for the rest of his life. During the postconviction hearing, Cashen stated at the time he entered his guilty plea he was required to register as a sex offender for ten years, but the law had changed since then and "they" were telling him he now had to register for life. The prosecutor then stated since Cashen's claim involved an issue which arose after his conviction, he needed to bring it in a separate proceeding. Cashen stated, "All right." The district court did not address the issue in its ruling, although the court specifically stated Cashen was given the opportunity to raise all of the issues he wanted to raise.

Cashen has the burden to show by a preponderance of the evidence counsel was ineffective. *See McKettrick*, 480 N.W.2d at 55. Cashen did not testify as to what he was told by defense counsel concerning the sex offender registry. Also, by his testimony at the hearing, it appears his complaint does not refer to something that happened during the time he was represented by defense counsel, but rather is based on something that occurred later. We conclude Cashen has not met his burden to show he received ineffective assistance on this ground.

We affirm the decision of the district court denying Cashen's application for postconviction relief.

**AFFIRMED.**