**IN THE COURT OF APPEALS OF IOWA**

No. 21-1140
Filed July 20, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAY LEE LANE NEUBAUM,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Monona County, Duane E.

Hoffmeyer, Judge.


      A defendant appeals the denial of his combined motion in arrest of judgment

and motion for new trial following alleged prosecutorial misconduct. **AFFIRMED.**


      Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Martha A. Trout, Assistant Attorney

General, for appellee.


      Considered by Greer, P.J., Chicchelly, J., and Carr, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**GREER, Presiding Judge.**

Following a deadly shooting, Jay Lee Neubaum was charged with first-degree murder. As his defense at trial, Neubaum maintained the whole thing had been a horrible accident. During the State's closing argument, over a dozen mentions were made of Neubaum's story being "prefabricated" or "bogus," along with similar statements intimating his story could not be trusted. Following the end of the closing argument, the district court, outside the presence of the jury, cautioned the State:

> [S]ome of your language was close to the liar, liar line of cases,[1] and so I just say that now because I don't know if I can unring the bell if there's any improper closing remarks, but it made me uneasy sitting up here on some of those items. . . . I thought you were on the edge, if not over.

At no point during the closing statement or before the case was submitted to the jury did Neubaum object to the statements. It was not until after the jury found Neubaum guilty of second-degree murder that he raised the issue in combined post-trial motions in arrest of judgment and for a new trial. At a hearing on the motions, the district court explained it "believe[d] the remarks were improper, [but] without any motion for mistrial or objection, the court [was] without authority to grant the relief requested by the defendant in their motion for new trial." In its subsequent written ruling, the district court denied both motions.

---

[1] *See State v. Graves*, 668 N.W.2d 860, 876 (Iowa 2003) ("We conclude from these cases that Iowa follows the rule that it is improper for a prosecutor to call the defendant a liar, to state the defendant is lying, or to make similar disparaging comments. Notwithstanding this prohibition, a prosecutor is still free 'to craft an argument that includes reasonable inferences based on the evidence and . . . when a case turns on which of two conflicting stories is true, [to argue that] certain testimony is not believable.'" (alteration in original) (citation omitted)).

Neubaum now appeals, arguing the district court was incorrect to think it lacked authority to grant the post-trial motions concerning prosecutorial misconduct. Alternatively, Neubaum urges us to adopt plain-error review and address the merits of his prosecutorial-misconduct claim.

## I. Analysis.

### i. Motion for a New Trial.

We review a district court's denial of a motion for new trial or in arrest of judgment for abuse of discretion. *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010) (motion for new trial); *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (motion in arrest of judgment). When a court wrongly believes it lacks the discretion or authority it lawfully has by law, it abuses its discretion. *See State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997) ("Where a court fails to exercise the discretion granted it by law because it erroneously believes it has no discretion, a remand for resentencing is required."); *see also State v. Plain*, 898 N.W.2d 801, 817 (Iowa 2017) ("The district court, however, refused to give the instruction because it erroneously believed it lacked authority from our court to give the instruction. Because the court's decision rested on an error of law, it constituted an abuse of discretion.").

That was not the case here—the district court was right that the issue had been waived for lack of timely objection or motion. *See State v. Waters*, 515 N.W.2d 562, 567 (Iowa Ct. App. 1994) ("[A] mistrial motion must be made when the grounds therefor first become apparent."). If Neubaum was concerned about prosecutorial misconduct, the time to speak up was with objections during the closing statement or by making a motion for mistrial before the case was submitted

to the jury. *See State v. Radeke*, 444 N.W.2d 476, 479 (Iowa 1989) ("A failure to request a mistrial for alleged misconduct by opposing counsel must be asserted before the issues are submitted to the jury. In permitting the case to be submitted to the jury without asserting the denial of a fair trial by reason of the alleged misconduct, defendant's counsel indicates a willingness to take a chance on a favorable verdict and waives the claim of misconduct." (internal citations omitted)); *see also State v. Droste*, 232 N.W.2d 483, 488 (Iowa 1975) ("The grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post-verdict motion amplify or add new grounds as a basis for relief."). More troubling, even when the district court brought the issue to the parties' attention, Neubaum remained silent and allowed the case to be submitted to the jury without any objection to the closing argument of the State. The district court, then, was right to acknowledge its hands were tied on the motions after the jury had returned a verdict. Because the decision did not rest on an error of law, there was no abuse of discretion.

To avoid the objection dilemma, Neubaum urges that the district court was cloaked with authority to declare a mistrial sua sponte. *See State v. Harrison*, 578 N.W.2d 234, 238 (Iowa 1998) (discussing the court's authority to sua sponte declare a mistrial if there is "manifest necessity").[2] It is true that "a party's tardiness does not strip the district court of *its authority* to grant a new trial when justice

---

[2] "Manifest necessity" is a high bar, and courts are to use extreme caution when declaring a mistrial under this standard. *Harrison*, 578 N.W.2d at 238. At the post-trial motion hearing, while discussing the State's mentions to Neubaum's "prefabricated testimony," the court stated it "believe[d] that the State may have been permitted to do so within the confines of the record."

requires." *Holmes v. Pomeroy*, No. 19-1162, 2020 WL 5650760, at *5 (Iowa Ct. App. Sept. 23, 2020). Still, "a party may not claim the district court's failure to act was reversible error unless the party brought their concerns to the district court's attention in a timely manner." *State v. Worrels*, No. 20-0397, 2021 WL 2708984, at *2 (Iowa Ct. App. June 30, 2021) (discussing the district court's decision not to exercise its right to act sua sponte); *see also Loehr v. Mettille*, 806 N.W.2d 270, 279 (Iowa 2011) ("[F]ailure to make a contemporaneous objection will preclude a party from raising the matter on appeal if the motion for new trial is *denied*."). This argument, then, must fail.

*ii. Plain Error.*

As to plain error, our supreme court has routinely and repeatedly rejected the adoption of plain error into Iowa jurisprudence. *See, e.g.*, *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021); *State v. Rutledge*, 600 N.W.2d 234, 325 (Iowa 1999); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997); *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984). We are not at liberty to adopt the plain error doctrine now.

## II. Conclusion.

Because Neubaum waived his challenge to the prosecutor's statements, and Iowa case law does not allow for plain error review, we affirm the district court.

**AFFIRMED.**