# IN THE COURT OF APPEALS OF IOWA

No. 22-0492
Filed April 12, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DANIEL HAROLD SMITH,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Melissa A. Anderson-Seeber, Judge.

Daniel Smith appeals from his convictions and sentence for attacking a woman with a knife. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Daniel Smith appeals from his convictions and sentence for willful injury causing bodily injury, while armed with a dangerous weapon and as a habitual offender; domestic abuse assault, third offense, while armed with a dangerous weapon and as a habitual offender; and use of a dangerous weapon in the commission of a crime. He argues an amendment to his trial information was untimely, a biased juror entitles him to a new trial, and his sentence is overly harsh. We find he failed to preserve his claims of an untimely amended trial information and juror bias, and we find the court properly considered the sentencing factors in imposing a sentence within its discretion. Thus, we reject his arguments and affirm.

## I. Facts and Procedural Background

On the evening of August 16, 2021, Waterloo police responded to a call about a stabbing near a street intersection. Upon arrival, officers found L. sitting in the grass near the curb and covered in her own blood. In response to an officer's questions, L. said "Daniel Smith" stabbed her "[e]verywhere." Based on witness descriptions, another officer quickly located and stopped Smith driving a vehicle nearby. L. was taken to an emergency room, where her treating physician identified thirty to forty knife wounds on her body, with some injuries near major organs and potentially life threatening. She ultimately survived the attack.

Smith was arrested and, on August 27, charged by trial information with willful injury causing serious injury (Count 1), domestic abuse assault, third or subsequent offense (Count 2), and use of a dangerous weapon in the commission of a crime (Count 3). On November 12, the State filed an amended trial information

adding dangerous-weapon and habitual-offender enhancements to Counts 1 and 2. On November 16, the day of trial, the State filed a second amended trial information that corrected certain language.

On November 16, Smith's four-day trial began. L. testified at trial about the events leading up to Smith stabbing her, including that she and Smith were briefly in a romantic relationship and lived together around January and February 2021. The jury found Smith guilty as charged in the final amended trial information. The court sentenced him to terms of incarceration not to exceed fifteen years for Count 1, fifteen years for Count 2, and two years for Count 3, with the terms for Counts 1 and 2 run consecutive to each other and the term for Count 3 run concurrent to the other terms, for a total term of incarceration not to exceed thirty years. The court also ordered payment of fines, fees, and restitution. Smith appeals.

## II.     Analysis

### A. *Amended Trial Information*

Smith argues the amendment to the trial information was untimely so close to trial. While his exact argument is unclear, he appears to specifically assert the amendment four days before trial that added the habitual-offender enhancement was untimely.

The State argues Smith did not preserve error on this challenge. Error preservation means "a party has an obligation to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered." *State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2022) ("It is a

fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

> Error preservation is important for several reasons: (1) it affords the district court an opportunity to avoid or correct error that may affect the future course of the trial; (2) it provides the appellate court with an adequate record for review; and (3) it disallows sandbagging—that is, it does not "allow a party to choose to remain silent in the trial court in the face of error, tak[e] a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

*Crawford*, 972 N.W.2d at 199 (alteration in original) (citation omitted).

Smith argues his statement to the district court on the first day of trial preserves error on his challenge to the amended trial information:

> [T]his is just overkill here, [Your Honor]. I'm being charged with willful injuries, seriously as a habitual. I'm being charged with domestic assault third offense, habitual. That's overkill, ma'am, and this all just came from one incident—right—and then I'm being charged with a domestic, willful injury, and attempted murder[1] all in one incident, ma'am. That is overkill, ma'am. That's a mischaracterization of justice. And anybody could see I was the victim here. And that's totally overkill on one charge.

Smith made this statement during a broader discussion with the court about whether he wanted to proceed with trial that day or seek to continue trial and attempt to consolidate this case with another case related to the same set of events. During this discussion, the court ensured Smith understood how proceeding with trial that day could affect his strategy for both cases and any potential plea bargains. Put in this context, Smith's pro se statement was merely a complaint about the myriad serious charges filed against him in multiple cases,

---

[1] The State apparently charged Smith in a separate case with one or more additional offenses arising from the same set of events. That separate case is not part of our record.

not a challenge to the timeliness of the amended trial information. Importantly, the court did not derive any objection from this statement, and the court never issued any ruling on the timeliness of the amended trial information. Because the court did not issue a ruling on the issue, Smith's challenge to the timeliness of the amended trial information is not preserved for our review. *See Crawford*, 972 N.W.2d at 199.

B. *Juror Bias*

Smith argues the district court should have ordered a new trial based on his challenge to the potential bias of one juror. After the verdict but before sentencing, he filed a motion for new trial stating, "on the second day of the trial; the parties were informed that the car of a jur[or] was stolen while she was travelling to the Courthouse. The juror's immediate impact from the incident would have prejudiced the defendant and his right to be tried by 12 impartial jurors." The court addressed his argument at sentencing, rejecting it as untimely.

The State again challenges error preservation. Smith raised his objection to the juror in a post-trial motion, but "a mistrial motion must be made when the grounds therefor first become apparent." *State v. Waters*, 515 N.W.2d 562, 567 (Iowa Ct. App. 1994); *see also Kinseth v. Weil-McLain*, 913 N.W.2d 55, 68 (Iowa 2018) ("We require counsel to move for a mistrial before the case is submitted to the jury to ensure that the court has ample opportunity to 'admonish counsel or instruct the jury' before deliberations begin." (citation omitted)). Smith's motion for new trial acknowledges he knew during trial that the juror recently reported her car was stolen. Yet he waited until after the verdict to claim juror bias, after the time had passed for the district court to instruct the juror, install an alternate in her place,

or otherwise address his concerns. Therefore, his objection to possible juror bias was too late to preserve error. *Accord State v. Cuevas*, 288 N.W.2d 525, 534 (Iowa 1980) ("[D]efendant was advised during voir dire that [the juror] knew of [his acquaintance's] family. Consequently, any objection for bias based upon [the juror's] knowledge of [his acquaintance] was properly deemed waived.").

C. *Sentence*

Smith challenges his sentence—imposing a total term of incarceration not to exceed thirty years—as "overly harsh." He argues the district court did not consider the proper sentencing factors, including his age and his physical and mental health.

"We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Id.* at 105–06 (quoting *Formaro*, 638 N.W.2d at 724).

> The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community. A sentencing court weighs multiple factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." Before imposing its sentence, "the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing."

*Id.* at 106 (emphasis and internal citations omitted). The district court must state on the record its reasons for imposing the selected sentence. *See* Iowa R. Crim. P. 2.23(3)(d). However, "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

At sentencing, the district court relied on the presentence investigation report, which Smith acknowledged he reviewed and had no factual corrections. In the sentencing order, the court explained its reasons for the sentence:

> The Court finds consecutive sentences appropriate due to the defendant's long and significant criminal record for crimes involving violence. Further the Court considers the fact that the defendant was on probation for one month for two separate crimes of domestic abuse assault involving the same victim as in this case when this offense occurred. Also, the Court finds the violent nature of this offense and the numerous stab wounds and cuts the victim received at the hands of the defendant warrants consecutive sentences.

Smith argues the court did not consider his age and health, which renders his total term of incarceration "essentially a life sentence." However, the court orally expanded on its reasoning at sentencing, noting Smith's belief he will "die in custody," but wanting "to protect the public from [his] actions" while giving him "the opportunity to get [his] behaviors under control." The court properly considered the relevant sentencing factors, and we find no abuse of discretion in the sentence imposed.

### III. Conclusion

Smith failed to preserve error on his challenges to the timeliness of the amended trial information and to possible juror bias. The court properly considered

the relevant sentencing factors, and we find no abuse of discretion in the sentence imposed.

**AFFIRMED.**