**Robert Allan CORNELL, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 87–69.**

Supreme Court of Iowa.

Oct. 19, 1988.

James P. Cleary, Phoenix, Ariz., for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Gary G. Kimes, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

In this postconviction proceeding the petitioner, Robert Allan Cornell, challenges his first-degree murder conviction which we affirmed in *State v. Cornell*, 266 N.W.2d 15 (Iowa 1978) *cert. denied Cornell v. Iowa*, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978). Following the filing of that opinion and prior to this proceeding Cornell unsuccessfully challenged his conviction by several proceedings in federal court. *See Cornell v. Iowa*, 628 F.2d 1044 (8th Cir. 1980) *cert. denied* 449 U.S. 1126, 101 S.Ct. 944, 67 L.Ed.2d 112 (1981). In the present case the district court denied postconviction relief but the court of appeals (3–2) reversed and ordered a new trial. On further review we vacate the decision of the court of appeals and affirm the district court.

The facts appear in our opinion in Cornell's first appeal and need not be detailed here. It is enough to state that in August 1976 Kenneth Crow, the petitioner (Cornell), and Cornell's young stepbrother, Glen Albert Oliver (Albert) drove from Des Moines to Texas in Cornell's car. They returned in a few days without Crow. A few days later Albert told law enforcement officers that, at daybreak on the day of their return to Des Moines, Cornell shot Crow with a .38 caliber revolver in some woods near an interstate highway in southern Iowa. With Albert's help Crow's body was found the next day. He had been shot in the head.

The State charged Cornell with first-degree murder under Iowa Code section 690.-1, .2 (1975), and the case was tried to a jury. The defense urged that Albert fabricated his testimony. Cornell testified that Crow voluntarily left the car alone and alive after an argument with Cornell. The defense claimed that Bryce Oliver (Bryce), Albert's 19–year–old brother, was Crow's killer. The jury returned a verdict of guilty.

Because the appeal turns on a constitutional issue, we review the record de novo and evaluate the totality of the circumstances. *Conner v. State*, 362 N.W.2d 449, 458 (Iowa 1985). The burden of proof is on the defendant to establish materiality. *State v. Anderson*, 410 N.W.2d 231, 234 (Iowa 1987). The reviewing court should consider any adverse effect that the failure to disclose might have had on the preparation or presentation of the defendant's case. *Id.* at 234–35.

I. Cornell's first and principal assignment is his claim that exculpatory evidence was improperly suppressed in violation of the disclosure rule laid down in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To establish this claim Cornell must prove by a preponderance of the evidence that:

1. The prosecution suppressed evidence;

2. This evidence was favorable to the accused; and

3. The evidence was material to the issue of guilt.

*Brogdon v. Blackburn*, 790 F.2d 1164, 1167 (5th Cir.1986).

On the issue of suppression, the *Brady* rule applies when information is discovered after trial "which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342, 349 (1976); *State v. Nunn*, 356 N.W.2d 601, 605 (Iowa App.1984). Exculpatory evidence is not "suppressed" if the defendant either knew or should have known of the essential facts permitting him to take advantage of the evidence. *United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir.1982).

Cornell bases his claim on four evidentiary items. The court of appeals correctly

found that two of the items were otherwise made known to Cornell through other channels and any failure to disclose them had no impact on Cornell's defense. The two items which remained were:

1. A statement taken from Jody Seidenkranz on October 6, 1976, in which she said she was at her mother's residence when Cornell and Albert returned home. Cornell said Crow got out of his car at Mt. Ayr and stole his gun. Jody said Albert agreed with Cornell's statement.

2. A September 29, 1976, statement in which Bryce admitted taking a razor scraper from his pocket during a fight with Crow. The fight occurred about four days before Crow left for Texas.

■ The question, said to be one of materiality in accordance with the third *Brady* test, is whether the claimed violation can be said to have probably changed the outcome of the case. The United States Supreme Court revisited the materiality question in *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The *Bagley* court applied the same test of materiality to the *Brady* rule which it had applied to test prejudice resulting from ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bagley* holds that a defendant is entitled to a new trial where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3384, 87 L.Ed.2d at 494. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* The *Bagley* inquiry requires consideration of the totality of circumstances, including the possible effects of nondisclosure on defense counsel's trial preparation. *Id.* We adopted and applied the *Bagley* standard in *State v. Anderson,* 410 N.W.2d at 232–34.

■ We find no reasonable probability that disclosure of this testimony would have led to a different result. Jody Seidenkranz's statement's only use would have been to impeach Albert. Albert's testimony was otherwise impeached because of several inconsistent statements. His acquiescence in Cornell's statement is easily explained by Cornell's threats.

We are far from convinced that trial counsel would have used Seidenkranz's statement if it had been disclosed. This is because it would have emphasized Cornell's threats against Albert in his attempt to keep Albert quiet.

■ The second statement, containing the admission by Bryce Oliver that he made threats with a razor toward Crow, was also of impeachment value. Cornell knew about the fight between Bryce Oliver and Kenneth Crow. At the trial Cornell testified Bryce Oliver assaulted Kenneth Crow with a razor sharp knife a week before Crow was killed. But Cornell and his counsel did not know that Bryce Oliver had made a statement admitting he threatened Crow with a razor scraper during the argument. This statement is inconsistent with Bryce Oliver's deposition testimony in which he denied pulling a knife on Crow. It is also inconsistent with Bryce Oliver's trial testimony in which he stated he did not recall threatening Crow during the argument.

Bryce's statement has impeachment value because it draws into question the credibility of Bryce Oliver's trial testimony. The statement might also be said to be corroborative of Cornell's defense theory. But it cannot be said there is a reasonable probability that its exclusion changed the result. *See Hamann v. State,* 324 N.W.2d 906, 910 (Iowa 1982) (even where prosecutor used perjured testimony, new trial is mandated only if materiality standards are met. Effect on trial, not culpability of prosecutor, is a critical issue).

Under the *Bagley* test the failure to furnish either item of evidence was not material. The district court was correct in so holding.

II. We find no merit in Cornell's claim that newly discovered evidence warrants a new trial. Five items of newly discovered evidence are suggested. Iowa Code section 663A.2(4) provides that a petitioner is entitled to postconviction relief if "[t]here exists evidence of material fact, not previous-

ly presented and heard, that requires vacation of the conviction or sentence in the interest of justice." In *State v. Whitsel,* 339 N.W.2d 149, 156 (Iowa 1983) we ruled the petitioner must prove the following propositions by preponderance of the evidence to obtain a new trial on account of newly discovered evidence:

1. The evidence could not have been discovered earlier in the exercise of due diligence;

2. The evidence is material to the issue, not merely cumulative or impeaching; and

3. The evidence would probably change the result if a new trial is granted.

*Id.* at 156.

Motions for new trials on the basis of newly discovered evidence are looked upon with disfavor. *Jones v. Scurr,* 316 N.W.2d 905, 910 (Iowa 1982).

■ The district court concluded that the newly discovered evidence was based mostly on testimony that was vague, uncertain, unreliable and totally incredible. We agree with this conclusion. Again, Cornell fails to meet the materiality test because he fails to show that the newly discovered evidence would have changed the outcome of the trial.

III. Finally, Cornell contends he was denied effective assistance of counsel by the misconduct of both the State and his own attorneys. In *Taylor v. State,* 352 N.W.2d 683 (Iowa 1984), we summarized the applicable law as follows:

> The person claiming that his trial attorney was ineffective, depriving him of his Sixth Amendment right to counsel, must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom. Petitioner has the burden to prove both of these elements by preponderance of the evidence.

*Id.* at 684–85 (citations omitted).

■ One claimed failure had to do with his counsel's failure to secure the withheld exculpatory evidence discussed in division I of this opinion. We have already found that Cornell was not prejudiced by this

failure. It follows that he was not prejudiced by any failure of his counsel to compel its production. Cornell also asserts his counsel's conduct fell below the normal range of competence. There is nothing in the record to support this claim.

All of Cornell's assignments are without merit. The district court correctly dismissed his petition for postconviction relief.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.