# IN THE COURT OF APPEALS OF IOWA

No. 4-050 / 13-0773
Filed March 26, 2014

**CEDRIC BERTRON THEUS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

    An applicant appeals from the district court ruling denying his request for postconviction relief. **AFFIRMED.**

    Hannah M. Vellinga of Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, for appellant.

    Cedric B. Theus, Fort Madison, appellant pro se.

    Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee State.

    Considered by Doyle, P.J., and Bower, J., and Goodhue, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Cedric Bertron Theus has appealed from the district court ruling denying his request for postconviction relief.

## I. Procedural and Factual Background

Theus was convicted of a number of offenses, including first-degree murder, in 1996. He was sentenced to life in prison without parole. He appealed and the conviction was affirmed. Procedendo was issued June 29, 1998. He filed his fifth request for postconviction relief on April 24, 2012. The State filed a motion for summary judgment. On September 25, 2012, Theus filed a request to amend his postconviction-relief application. The amendment contained a totally new claim. The district court granted the motion for summary judgment as to the initial application and gave each party an opportunity to respond to the issue raised in the amendment. The order granting the motion for summary judgment was supplemented by a subsequent order addressing the issue raised in the amendment.

Theus was convicted by jury trial. At trial he admitted shooting the victim, Terrance Gibson, four times but claimed self-defense. Gibson died as a result of the shooting. Under the instructions given, the felony-murder rule was one of the alternative theories upon which Theus could have been found guilty of first-degree murder. The predicate felony was willful injury. The jury was instructed that Theus committed willful injury causing serious injury if it found the following:

> 1. On or about the 15th day of March 1996, the defendant used a pistol to wound Terrance Gibson.
> 2. The defendant specifically intended to cause a serious injury to Terrance Gibson.
> 3. Terrance Gibson sustained a serious injury.

4. The defendant was not acting with justification.

Theus claims the word "sustained" in element three was erroneous and the instruction should have used the word "caused" instead. Theus also contends in his amended petition that he discovered after trial that one of the State's witnesses had a juvenile record, and under the *Brady* rule the State had the duty to disclose the juvenile record to him but did not do so. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Theus finally contends there were material disputes of fact, which foreclosed granting the motion for summary judgment. The State contends Theus should be denied any relief because of the bar provided by the three-year statute of limitations contained in Iowa Code section 822.3 (2011).

## II.  Standard of Review

Postconviction relief proceedings, including motions for summary judgment, are generally reviewed for errors of law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). When constitutional issues are involved, the review becomes de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## III.  Error Preservation

Error preservation is generally considered present when the issues to be reviewed have been raised and ruled on by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The district court ruled on the issues raised in the initial application and allowed the issues raised by Theus's amendment to be argued by both parties. The issue raised in the amendment was decided in the court's supplemental order. Error has been preserved.

**IV. Discussion**

Summary judgment is appropriate when there are no material factual issues in dispute and the conflict concerns only the legal consequences flowing from the undisputed facts. *Thompson v. City of Des Moines*, 564 N.W.2d 839, 841 (Iowa 1997). In this case there is no disputed material fact, only a dispute as to the legal consequences of the undisputed facts. The resolution by a summary judgment was appropriate.

The application for postconviction relief was filed more than three years after the procedendo had issued following the appeal. Under the relevant statute, the petition is superficially time-barred. Iowa Code § 822.3. Theus contends the new "ground of fact or law" exception included in the cited section is applicable.

Theus's argument begins and, for all practical purposes ends, with *State v. Schuler*, 774 N.W.2d 294 (Iowa 2009). Theus contends his request for postconviction relief is timely because the Iowa Supreme Court's decision in *Schuler* expressed a "ground in law or fact" that could not have been raised until *Schuler* had been decided. He claims therefore, under the provisions of section 822.3, the three-year statute did not begin running until September 4, 2009, when *Schuler* was handed down.

In *Schuler*, the jury was instructed that the three necessary elements of willful injury causing serious injury were as follows:

> 1. On or about August 31, 2006, the Defendant punched, kicked, and/or grabbed Lucas Spinelli.
> 2. The Defendant specifically intended to cause a serious injury to Lucas Spinelli.
> 3. Lucas Spinelli sustained a serious injury.

*Schuler*, 774 N.W.2d at 298. The case was reversed by our supreme court because there was no requirement of causation in the instruction as given. *Id.* at 299. The deficiency in the instruction was narrowed to the use of the word "sustained" as opposed to the word "caused" in the third element. *Id.* at 298.

Theus then contends because the instruction in his trial used the word "sustained" instead of "caused," he has been convicted of a nonexistent crime in violation of the Fourteenth Amendment due process clause. *See Fiore v. White*, 531 U.S. 225, 228-29 (2001). He further contends based on *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009), and *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013), his claim is based on a law that could not have been raised at the time of his trial.

Criminal charges are generally, and in this case, specifically based on statutory law. The court's instructions are the method of advising a jury of the applicable law. *Schuler* did not create any law of the state of Iowa. A rendition of the Uniform Instructions disseminated by the Iowa Bar Association was used in *Schuler* and in Theus's jury trial, but uniform instructions are used as an aide by the courts and counsel and are not the law of the state. *Schuler* stands for the general proposition that the uniform instruction for willful injury should be used with care, and perhaps should be modified or clarified. *See Schuler*, 774 N.W.2d at 298-99. *Schuler* stands for the specific proposition that an inadequate instruction was given by the court in that particular case. *Id.* at 299. Reversal was required because the instruction used did not require a finding of causation. *Id.*

Causation was, and still is, an element of the crime of willful injury. The statutory language defining willful injury begins with the words, "Any person who does an act," and ends with the words, "causes severe injury to another," or "causes bodily injury to another." Iowa Code § 708.4. The option of serious injury or bodily injury determines the level of the offense. *Id.* The law, both before and after *Schuler,* remains exactly the same without change or even clarification. There is no ground of law expressed in *Schuler* that avoids the application of the three-year statute of limitation.

Finally, the instruction used by the trial court in Theus's underlying trial did not suffer from the same deficiency present in *Schuler.* Under the first element in Theus's case, the jury had to find "the defendant used a pistol to wound Terrance Gibson." A finding as to that element necessarily included a finding of causation. Causation, as a requirement for conviction, was not omitted in the Theus instruction. The only purpose of the third element was to determine whether the wound Theus inflicted with the pistol constituted a "serious injury" or a "bodily injury," which is determinative of the level of the crime. The first element of the *Schuler* instruction did not require a finding that the defendant had injured or wounded the victim. *See Schuler*, 774 N.W.2d at 298. Therefore, the causation requirement was missing in *Schuler.*

Theus also claims he was unaware of the juvenile record that found the commission of a delinquent act by one of the State's witnesses. He contends the State should have disclosed its existence as exculpatory evidence under the *Brady* rule, but did not do so. He then contends his late discovery of the juvenile record constitutes a "ground or fact or law" that could not have been raised within

the three-year time limit. The existence of a juvenile record is a matter of public record and could have been easily discovered by Theus or his counsel. *See* Iowa Code § 232.147 (1995). There is no failure to disclose exculpatory evidence within the meaning of the *Brady* rule if the defendant either knew or should have known of its existence. *Cornell v. State*, 430 N.W.2d 384, 385 (Iowa 1988). Even if the witness's juvenile record were to be considered a fact that could "not have been raised," there still must be a nexus between the fact and the challenged conviction. *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003). The fact must be one that would have had the potential to qualify as material evidence that would probably have changed the outcome of the trial. *Id.* The order finding the witness guilty of an aggravated misdemeanor could have been used only for impeachment purposes, if at all. *See* Iowa R. Evid. 5.404(b), 5.609(a)(1). It is evident from the record and, as the postconviction trial court noted in its well-written order,s that evidence of Theus's guilt was overwhelming.

We affirm the decision of the trial court denying Theus's application for postconviction relief.

**AFFIRMED.**