# IN THE COURT OF APPEALS OF IOWA

No. 16-0371
Filed May 3, 2017

**JAMES DEAN RAYMOND,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

      An applicant appeals the district court's denial of his second postconviction-relief proceeding.  **AFFIRMED.**

      Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

      Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

      Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

James Raymond was convicted of first-degree murder in 2006. Procedendo from his direct appeal from his conviction was issued April 1, 2008. *See State v. Raymond*, No. 06-2059, 2008 WL 141184, at *1 (Iowa Ct. App. Jan. 16, 2008). Raymond filed his first postconviction-relief (PCR) proceeding in November 2008. Following a bench trial, the district court denied the PCR application, and we affirmed that denial on appeal. *See Raymond v. State*, No. 12-1174, 2013 WL 4474479, at *1 (Iowa Ct. App. Aug. 21, 2013). Subsequently, on March 3, 2014, Raymond filed a second PCR application. On January 6, 2016, the district court denied that action following a bench trial. Raymond once again appeals[1] claiming the district court erred in concluding his second PCR action is time-barred and that a *Brady*[2] violation did not occur during his criminal proceeding.

For a PCR action to be timely, it must be filed within three years of the date the conviction was final or the date the writ of procedendo was issued if the conviction was appealed. *See* Iowa Code § 822.3 (2014). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id*. While Raymond's second PCR action was clearly filed outside the three-year limitation, he asserts newly

---

[1] The State contends this appeal is untimely because Raymond's posttrial motion under Iowa Rule of Criminal Procedure 1.904(2) was improper. We conclude the properly filed posttrial motion in this case tolled the appeal deadline. *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 669 (Iowa 2013) ("[W]hen used to obtain a ruling on an issue that the court may have overlooked, or to request the district court enlarge or amend its findings when it fails to comply with rule 1.904(1), the motion [under rule 1.904(2)] is proper and will toll the time for appeal.").

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding prosecutors have a duty to disclose material evidence to the accused upon request)

discovered evidence, specifically polygraph-examination reports of two of the State's witnesses—Charles Gallmeyer and Michael Gallmeyer—and a video of Charles Gallmeyer's polygraph examinations, tolls the statute of limitations under the new-ground-of-fact exception.[3]  *See id.*  To establish the exception to the three-year statute of limitations, Raymond "must show the alleged ground of fact could not have been raised earlier" and "must show the ground of fact is relevant to the challenged conviction."  *Harrington v. State*, 659 N.W.2d 509, 520–21 (Iowa 2003).

> Our appellate courts have previously observed that the objective of the escape clause of section 822.3 is to provide relief from the limitation period when an applicant had "no opportunity" to assert the claim before the limitation period expired. . . . [T]he focus of our inquiry has been whether the applicant was or should have been "alerted" to the potential claim before the limitation period expired.

*Cornell v. State*, 529 N.W.2d 606, 611 (Iowa Ct. App. 1994) (citations omitted).

Raymond asserts that it was only through the "dogged pursuit" of his second PCR counsel in this proceeding that he was able to obtain both the polygraph-examination reports and the video recording from the State.  However, it is clear from a review of the trial transcript that defense counsel was aware the witnesses in question underwent polygraph examinations and questioned witnesses regarding the results of those examinations at trial.  While counsel

---

[3] The State also asserts Raymond did not preserve error on this claim.  Raymond did raise the new-ground-of-fact exception in his trial reply brief before the district court in response to the State's claim in its trial brief that this PCR action was barred by the three-year statute of limitations.  While the district court did not rule on the new-ground-of-fact exception to the statute of limitations in its PCR decision, Raymond again raised the issue in his posttrial motion under rule 1.904(2), which was denied by the district court.  We thus conclude the issue was preserved for appellate review.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

may not have the polygraph-examination reports or the video of the examination at the time of trial, counsel was at least "alerted" to the potential existence of these items. *See id.* Assuming the polygraph-examination reports and the polygraph-interview video were withheld by the prosecution at the time of trial, nothing prevented Raymond from obtaining the reports and video within the three-year PCR period. Prior PCR counsel's ineffectiveness does not satisfy the new-ground-of-fact exception to the three-year statute of limitations. *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) ("[A]n applicant for postconviction relief cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of postconviction counsel." (citing *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994))).

In addition, we agree with the district court's alternate holding that even assuming Raymond can avoid the application of the statute of limitations, he cannot prove a *Brady* violation because defense counsel knew of the essential facts that the witnesses underwent polygraph examinations and that in particular Charles Gallmeyer's polygraph examination indicated he was being deceptive; defense counsel questioned Charles Gallmeyer and the investigating officer regarding the deception. *Cornell v. State*, 430 N.W.2d 384, 385 (Iowa 1988) ("Exculpatory evidence is not 'suppressed' if the defendant either knew or should have known of the essential facts permitting him to take advantage of the evidence.").

We thus conclude the district court correctly denied Raymond's second PCR application.

**AFFIRMED.**