**IN THE COURT OF APPEALS OF IOWA**

No. 16-1926
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRETT ROELANDT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        A defendant appeals from the district court's denial of his motion in arrest

of judgment.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Brett Roelandt appeals his convictions following his guilty pleas to theft in the first degree, in violation of Iowa Code sections 714.2(1), 902.8, and 902.9 (2015), and assault while participating in a felony, in violation of Iowa Code section 708.3(2). Roelandt claims the district court erred in denying his motion in arrest of judgment based on his assertion that the State withheld exculpatory evidence.

### I.      Background Facts and Proceedings

On March 30, 2016, the State charged Roelandt with one count of robbery in the first degree and one count of possession of a firearm as a felon as a habitual offender. On June 27, the State amended the trial information to add one count of theft in the first degree and one count of assault while participating in a felony. In conjunction with a plea agreement, Roelandt agreed to plead guilty to the theft-in-the-first-degree count and the assault-while-participating-in-a-felony count; in exchange, the State agreed to dismiss the robbery and felon-in-possession-of-a-firearm counts.

After the plea was accepted by the district court, Roelandt filed a motion in arrest of judgment seeking to set aside his guilty pleas based on his allegation the State had withheld exculpatory information from him. Specifically, Roelandt alleged the victim spoke to the county attorney on the morning of Roelandt's guilty plea hearing and told the county attorney that he could not state that Roelandt was the perpetrator. The county attorney did not disclose the conversation to Roelandt. Roelandt argued the failure to disclose the

conversation violated his due process rights in accordance with *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The district court denied Roelandt's motion.

Roelandt appeals.

## II. Scope and Standard of Review

Generally, we review district court rulings on motions in arrest of judgment for abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). However, "[w]hen the applicant's claims are of a constitutional nature, we will conduct a de novo review." *DeSimone v. State*, 803 N.W.2d 97, 102 (Iowa 2011).

## III. Motion in Arrest of Judgment

Roelandt asserts the district court erred in denying his motion in arrest of judgment because the victim's statement to the prosecutor qualifies as *Brady* material and the failure of the prosecutor to disclose it to Roelandt violated his due process rights. The State contends that the statement does not qualify as *Brady* material.

"In order to establish a *Brady* violation, the defendant had to prove '(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issue of guilt.'" *Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (quoting *State v. Veal*, 564 N.W.2d 797, 810 (Iowa 1997)). "Evidence is suppressed 'when information is discovered after trial "which had been known to the prosecution but unknown to the defense."'" *Id.* at 522 (quoting *Cornell v. State*, 430 N.W.2d 384, 385 (Iowa 1988)). Evidence is considered favorable to the defendant when "if disclosed and used effectively, it may make the difference between conviction and acquittal." *United*

*States v. Bagley*, 473 U.S. 667, 676 (1985). "[E]vidence is material when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.'" *DeSimone*, 803 N.W.2d at 105 (citations omitted).

Even if Roelandt could show that the victim's statement was suppressed by the prosecution[1] and favorable to him under *Brady*, his claim would fail because he cannot show that the evidence was material. Roelandt cannot show a "reasonable probability" "the result of the proceeding would have been different" had he been aware of the victim's statement. *See id.* Initially, the victim's statement is inherently of limited value because it only varied slightly from previous statements the victim had made on multiple occasions. Further, the victim's statement did not exclude Roelandt as the perpetrator; instead, the victim simply stated he was unsure. In fact, the victim maintained that the perpetrator was dressed in white and his hair was braided; police testimony was available to confirm that Roelandt was wearing white when officers located him after the theft. Police were also available to testify that the victim identified Roelandt as the perpetrator the night of the theft. Additionally, the case against Roelandt remained strong without the victim's full identification of Roelandt because the victim's girlfriend also identified Roelandt as the perpetrator. Taking the strength of the case against Roelandt into consideration, we conclude there

---

[1] *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) (holding the prosecution is not required to disclose impeachment evidence prior to a guilty plea).

is not a reasonable probability of a different outcome. *See id.* Accordingly, we affirm the district court's denial of Roelandt's motion in arrest of judgment.

### IV.    Conclusion

Because we conclude the district court did not err in denying Roelandt's motion in arrest of judgment, we affirm Roelandt's conviction.

**AFFIRMED.**

Doyle, J., concurs; McDonald, J., concurs specially.

**MCDONALD, Judge** (concurring specially)

It is unnecessary to address the issue of whether the information not disclosed to the defendant prior to his guilty plea was exculpatory and material information within the meaning of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The defendant's right to receive exculpatory and material information is part of the Constitution's fair trial guarantee. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002). As such, the defendant's guilty plea waives the right to receive *Brady* material, and due process does not otherwise require the State to disclose *Brady* material prior to the defendant's guilty plea. *See id.* ("When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."). As noted by Justice Thomas, "the Constitution does not require the Government to disclose either affirmative defense information or impeachment information relating to informants or other witnesses before entering into a binding plea agreement with a criminal defendant." *Id.* at 633 (Thomas, J., concurring). Because *Brady* concerns are not implicated at the guilty plea stage, the defendant had no entitlement to relief, and the district court did not abuse its discretion in denying the defendant's motion in arrest of judgment. For these reasons, I concur in the judgment.