# IN THE COURT OF APPEALS OF IOWA

No. 17-1443
Filed November 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARLES PAUL PHIPPS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Randy S. DeGeest, Judge.

Defendant appeals his conviction for possession of methamphetamine, third offense. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Charles Phipps appeals his conviction for possession of methamphetamine, third offense. We find Phipps has not shown the district court abused its discretion in denying his motion for new trial based on his claims he was required to wear jail-issued footwear for the trial, there was newly discovered evidence someone else manufactured methamphetamine at his former residence, or the State failed to disclose exculpatory evidence. We affirm Phipps's conviction for possession of methamphetamine, third offense.

## I.      Background Facts & Proceedings

On March 22, 2017, police officers went to a residence in Grinnell in response to a report of a disturbance. Officers determined Phipps was in violation of a no-contact order because the protected party was also in the home. Officers arrested Phipps for violating the no-contact order. As he walked out to a patrol car, officers noticed Phipps had a white fabric rose stuck in one of his cowboy boots. Phipps stomped his foot and the flower fell out. Phipps told the officers, "Leave it where it lies." An officer picked up the flower and put it into an evidence bag. As part of the booking process, the jailer emptied out the evidence bag and a small plastic baggie of methamphetamine came out, as well as the flower.

Phipps was charged with possession of methamphetamine, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2017), a class "D" felony. The State claimed the baggie of methamphetamine had been hidden within the petals of the white fabric rose. A lab report showed the substance in the baggie was .15 grams of methamphetamine.

Prior to trial, Phipps filed a motion requesting a clothing allowance of "an amount not to exceed $100.00 in order to obtain appropriate clothing for trial." The State resisted the request. At the hearing on the motion, defense counsel stated Phipps had decorated his boots with swastikas and they would not be appropriate for trial. The court stated,

> First of all, I wouldn't allow him to wear—in my courtroom I wouldn't allow him to wear boots that have swastikas on them. If that's true he will have to have other shoes. I am not going to allow him to subject our jurors to that as a matter of courtroom decorum.

The prosecutor stated, "[T]he defendant has been provided by the jail flip-flop style shoes that are black in color, and those have been worn by other defendants who have been in custody for a trial." The court recommended defense counsel go to Goodwill to get clothing for Phipps at no or minimal cost. The court denied the motion for a clothing allowance.

The case proceeded to trial on June 13, 2017. Phipps was identified in the courtroom by Officer Nathan Anderson, as follows, "He's seated at the far right table wearing a checkered long-sleeved shirt with black pants and slippers or flip-flops." The jury found Phipps guilty of possession of methamphetamine. Phipps stipulated this was a third or subsequent offense.[1]

Phipps filed a motion for new trial, claiming there was newly discovered evidence which cast doubt on his conviction or the State suppressed exculpatory evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). At the hearing on the motion, Phipps stated after he was arrested on March 22, 2017, the

---

[1] Although the issue was not raised in this appeal, we note the plea colloquy requirements established in *State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017).

State conducted a search warrant at his home on April 30, 2017, and arrested Gary Dayton, who also lived in the home, for manufacturing methamphetamine. Dayton pled guilty and was sentenced prior to Phipps's motion for new trial. Phipps claimed he should be granted a new trial so he could argue the methamphetamine found in the flower actually belonged to Dayton.

At the hearing, defense counsel also stated:

> There's another matter which I wish to bring up, which I noticed when I talked to Mr. Phipps about his foot gear, and at the time of trial Mr. Phipps had wanted to wear his boots which had swastikas painted on them, and the Court prohibited that. I seem to remember Mr. Phipps wearing flip-flops like the ones he's wearing now. They were not orange, like I thought jail flip-flops would be, but I have some concerns because that is a prison or jail time uniform, and Mr. Phipps has a right to all the presumptions of and the appearance of innocence walking into court.
> Just like he couldn't appear in front of the jury wearing this, I don't think he can appear in front of the jury wearing any other aspect.

The district court denied the motion for new trial. The court found the evidence Dayton had pled guilty to manufacturing methamphetamine would not materially affect the outcome of Phipps's criminal trial. The court found "there was evidence that established beyond a reasonable doubt that Mr. Phipps was guilty as charged." On the matter of Phipps's footwear, the court found:

> There was no objection made to any of that clothing on the date of the trial. I can't sit here and tell you what his shoes were that date, but I know if they had been orange, you would have objected, sir. And I thought he looked quite nice actually the day of the trial, so I don't believe that ground has been established at all.

Phipps was sentenced to a term of imprisonment not to exceed five years. Phipps now appeals his conviction.

## II.    Standard of Review

"Trial courts have wide discretion in deciding motions for new trial."  *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).  "When the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable, an abuse of discretion occurs."  *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014).

## III.    Footwear for Trial

Phipps claims he should have been granted a new trial because the district court improperly required him to wear jail shoes for the trial.[2]  The court ruled Phipps could not wear his own footwear for the trial, which were cowboy boots decorated with swastikas, "as a matter of courtroom decorum."  *See State v. Lawrence*, 167 N.W.2d 912, 914 (Iowa 1969) (stating a court has the inherent power to impose decorum in the courtroom).  Phipps wore footwear provided by the jail during his criminal trial.  Phipps claims he was denied a fair trial because the court denied his request for a clothing allowance and would not permit him to wear his boots.

We first note Phipps never stated he wanted to wear his cowboy boots for the trial.  In support of the motion requesting a clothing allowance, defense counsel specifically argued it would be prejudicial for Phipps to appear in the cowboy boots with swastikas on them and this was the reason he wanted a clothing allowance to purchase different footwear.  The issue of whether Phipps was denied a fair trial because he was prohibited from wearing his cowboy boots was not raised before

---

[2]  The footwear worn by Phipps during the trial is described variously as slippers, sandals, or flip-flops.

the district court. We conclude this issue has not been preserved for our review. *See State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995) (noting issues must be raised at the earliest opportunity in order to preserve error, even constitutional issues).

We turn then to the issue of whether Phipps was denied a fair trial because he wore footwear issued by the jail. We have previously stated:

> Defendants are entitled to the indicia of innocence in the presence of the jury. The state cannot compel a defendant to stand trial in identifiable prison clothing. Requiring a defendant to appear in prison clothing creates an unacceptable risk the jury may consciously or subconsciously be influenced in their deliberations. The practice is, therefore, inherently prejudicial.

*State v. Johnson*, 534 N.W.2d 118, 126 (Iowa Ct. App. 1995) (citations omitted); *see also Estelle v. Williams*, 425 U.S. 501, 512 (1976) (noting "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes").

While Phipps wore footwear provided by the jail for his criminal trial, the evidence does not show his footwear could be described as "identifiable prison clothing." *See Estelle*, 425 U.S. at 512; *Johnson*, 534 N.W.2d at 126. During the trial, Officer Anderson testified Phipps was wearing "a checkered long-sleeved shirt with black pants and slippers or flip-flops." In the motion for a new trial, defense counsel stated, "I seem to remember Mr. Phipps wearing flip-flops like the ones he's wearing now. They were not orange, like I thought jail flip-flops would be, but I have some concerns because that is a prison or jail time uniform . . . ." Additionally, the district court stated, "I can't sit here and tell you what his shoes

were that date, but I know if they had been orange, you would have objected, sir. And I thought he looked quite nice actually the day of the trial . . . ."

We conclude the district court did not abuse its discretion in denying Phipps's motion for new trial on the ground he was improperly required to wear footwear provided by the jail for his trial. Phipps did not provide any evidence to show he was required to stand trial in identifiable prison clothing and, thus, has not shown he was prejudiced by the footwear he wore for the trial. *See id.*

### IV. Newly Discovered Evidence

Phipps claims the district court abused its discretion by denying his motion for new trial based on a claim of newly discovered evidence. He claims the execution of a search warrant at his former residence thirty-nine days after his arrest and the subsequent conviction of Dayton for manufacturing methamphetamine cast doubt on his guilt. Phipps states he should have a new trial, where he could argue the methamphetamine found in the white flower belonged to Dayton.

In order to prevail on a motion for new trial based on a claim of newly discovered evidence, a defendant must show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991)). A defendant must establish all four elements. *See State v. Smith*, 573 N.W.2d 14, 21 (Iowa 1997) (discussing the third and fourth

elements); *State v. Jefferson*, 545 N.W.2d 248, 249 (Iowa 1996) (discussing only the first two elements).

We will discuss only the fourth element—whether the evidence probably would have changed the result of the trial. We find the evidence a search warrant was executed at Phipps's former residence over a month after he was arrested and another person living in the residence, Dayton, was convicted of manufacturing methamphetamine does not cast doubt on Phipps's guilt. The action against Phipps was not based on a theory of constructive possession of methamphetamine, where Phipps could have argued the methamphetamine belonged to someone else in the home. *See State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (noting in a theory of constructive possession when premises are jointly occupied, evidence must be presented to show a defendant had control of the contraband). The State claimed Phipps had actual possession, based on the theory the methamphetamine was inside the white flower, which had been inside Phipps's boot. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (stating a theory of actual possession applies when contraband is "found on the defendant's person").

The evidence Dayton had been manufacturing methamphetamine in the residence where Phipps had been living does not change the analysis of the evidence concerning Phipps's actual possession of the methamphetamine found when he was booked into jail. We conclude the district court did not abuse its discretion in denying Phipps's motion for new trial based on a claim of newly discovered evidence.

### V.      Exculpatory Evidence

Phipps claims the district court should have granted his motion for new trial on the ground the State failed to disclose exculpatory evidence.  The evidence he refers to is the same evidence discussed above—the execution of a search warrant at his former residence and the subsequent conviction of Dayton for manufacturing methamphetamine.

Under *Brady*, 373 U.S. at 87, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  A *Brady* violation occurs when the State withholds material evidence, which is favorable to the accused.  *See Cornell v. State*, 430 N.W.2d 384, 385 (Iowa 1988).  "Favorability in the context of *Brady* means that had the prosecution disclosed the suppressed evidence and had the defense used such evidence effectively, 'it [might have made] the difference between conviction and acquittal.'"  *Moon*, 911 N.W.2d at 145 (citation omitted).  "Evidence is material when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  *State v. Jones*, 817 N.W.2d 11, 22 (Iowa 2012) (citation omitted).

In our discussion of newly discovered evidence, we concluded the evidence the State executed a search warrant at Phipps's home and arrested Dayton for manufacturing methamphetamine probably would not have changed the result of the trial.  For the same reason, we determine the evidence is not material.  Phipps has not shown a probability that if the evidence had been disclosed to him, the result of trial would have been different.  *See id.*  The evidence someone else was

manufacturing methamphetamine in his home did not make it less likely Phipps was in actual possession of the methamphetamine found with his belongings in the booking process at the jail. We find the district court did not abuse its discretion in denying Phipps's motion for new trial based on the claim the State failed to disclose exculpatory evidence.

We affirm Phipps's conviction for possession of methamphetamine, third offense.

**AFFIRMED.**